UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL ACTION NO. 10-2-DLB-4

UNITED STATES OF AMERICA, PLAINTIFF,

V. **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

JOHN WILLINGHAM, DEFENDANT.

This matter is before the Court pursuant to a Supervised Release Violation Report filed by the United States Probation Office on August 24, 3011. The report outlines five (5) alleged violations of the terms of Defendant's supervised release.

An initial appearance on the alleged violations was held on October 20, 2011. The Defendant was present and represented by appointed counsel, David Mussetter, and the United States was represented by Assistant United States Attorney Christopher Nasson. United States Probation Officer Mike Jones was also present. At the hearing, Willingham, through counsel, stated his desire to waive a preliminary hearing and stipulate to the violations alleged in the report. The Court, upon questioning the Defendant, found him to be competent to proceed, and he orally stipulated all violations as outlined in the report. The Defendant orally indicated his desire to waive allocution before the District Judge, and consented to exercise that right before the undersigned. In addition, although there was no previous agreement regarding an appropriate sentence in the matter, the parties each asked for a sentence of six (6) months incarceration. The Court, being fully advised, and after determining the voluntariness and factual basis of the plea, makes the following proposed Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

(1) On August 2, 2011, John Willingham was sentenced following his plea of guilty to

Count 11 of Ashland Indictment 10-CR-2, charging him with False Statement During Purchase of a Firearm, in violation of Title 18 U.S.C. § 922(a)(6). He was sentenced to an (8) eight month term of imprisonment, followed by a (2) two year term of supervised release.

(2) He has failed to turn in a monthly report to the United States Probation Office as required by the conditions of supervision since his release in January 2011. This is in violation of the condition which states that the Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

(3) He has failed to make weekly telephone contact with the United States Probation Office as required by the conditions of supervision since his release in January, 2011. This is in violation of the condition requiring the defendant to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer,

(4) He has failed to work regularly, or pursue education or training. This is a violation of the condition calling for the defendant to work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons.

(5) He has failed to keep the United States Probation Office advised of his living arrangements since leaving the Salvation Army Adult Rehabilitation Program on June 14, 2011. This is violation of the condition requiring the defendant notify the probation officer at least ten days prior to any change in residence or address, and

(6) He discontinued treatment at Transitions, Inc., and Pathway, Inc., in March, 2011, in violation of the condition of supervision requiring the defendant to participate in a substance abuse and/or mental health treatment program and at the direction and discretion of the probation officer during the term of supervision.

**CONCLUSIONS**

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulations establish, by a preponderance of the evidence, that the Defendant has violated the conditions of his supervision. The most serious of the violations committed by the Defendant is a Grade C violation, and under §7B1.4(a), based on the Defendant's criminal history category of IV, the guideline range of imprisonment would be 3 to 9 months. The maximum statutory period of imprisonment would be a term of 24 months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

**RECOMMENDATION**

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant, John Willingham, be found to have committed the Violations as outlined above ;

(3) That the Defendant appear before Judge Bunning to be sentenced without delay

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 21, 2011.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge