UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL ACTION NO. 10-2-DLB-4

UNITED STATES OF AMERICA, PLAINTIFF,

V. **AMENDED REPORT AND RECOMMENDATION**

JOHN WILLINGHAM, DEFENDANT.

This matter is before the Court pursuant to a Supervised Release Violation Report filed by the United States Probation Office on August 24, 3011. The report outlines five (5) alleged violations of the terms of Defendant's supervised release.

An initial appearance on the alleged violations was held on October 20, 2011. The Defendant was present and represented by appointed counsel, David Mussetter, and the United States was represented by Assistant United States Attorney Christopher Nasson. United States Probation Officer Mike Jones was also present. At the hearing, Willingham, through counsel, stated his desire to waive a preliminary hearing and stipulate to the violations alleged in the report. The Court, upon questioning the Defendant, found him to be competent to proceed, and he orally stipulated all violations as outlined in the report. The Defendant orally indicated his desire to waive allocution before the District Judge, and consented to exercise that right before the undersigned. In addition, although there was no previous agreement regarding an appropriate sentence in the matter, the parties each asked for a sentence of six (6) months incarceration. The Court, being fully advised, and after determining the voluntariness and factual basis of the plea, makes the following proposed Findings of Fact and Conclusions of Law.

# **FINDINGS OF FACT**

(1)  On August 2, 2011, John Willingham was sentenced following his plea of guilty to Count 11 of Ashland Indictment 10-CR-2, charging him with False Statement During Purchase of a Firearm, in violation of Title 18 U.S.C. § 922(a)(6). He was sentenced to an (8) eight month term of imprisonment, followed by a (2) two year term of supervised release.

(2)  He has failed to turn in a monthly report to the United States Probation Office as required by the conditions of supervision since his release in January 2011. This is in violation of the condition which states that the Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

(3)  He has failed to make weekly telephone contact with the United States Probation Office as required by the conditions of supervision since his release in January, 2011. This is in violation of the condition requiring the defendant to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer,

(4)  He has failed to work regularly, or pursue education or training. This is a violation of the condition calling for the defendant to work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons.

(5)  He has failed to keep the United States Probation Office advised of his living arrangements since leaving the Salvation Army Adult Rehabilitation Program on June 14, 2011. This is violation of the condition requiring the defendant notify the probation officer at least ten days prior to any change in residence or address, and

(6) He discontinued treatment at Transitions, Inc., and Pathway, Inc., in March, 2011, in violation of the condition of supervision requiring the defendant to participate in a substance abuse and/or mental health treatment program and at the direction and discretion of the probation officer during the term of supervision.

## CONCLUSIONS

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulations establish, by a preponderance of the evidence, that the Defendant has violated the conditions of his supervision. The most serious of the violations committed by the Defendant is a Grade C violation, and under §7B1.4(a), based on the Defendant's criminal history category of IV, the guideline range of imprisonment would be 3 to 9 months. The maximum statutory period of imprisonment would be a term of 24 months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## ANALYSIS

In reaching a sentencing recommendation, the undersigned must consider a number of the factors set forth in 18 U.S.C. § 3553(a). First, the nature and circumstances of the violations involve the Defendant failing to comply with five conditions of his supervised release. These violations include failure to stay in contact with his probation officer and failure to participate in substance abuse treatment. Next, the Court must consider the history and characteristics of the Defendant. This Defendant has a history of homelessness and drug abuse. Despite being given opportunities to participate in the Salvation Army Adult Rehabilitation Program, as well as drug treatment at Transitions, Inc. and Pathways, Inc., the Defendant has stopped participating in these programs. In doing so, the Defendant has demonstrated that he is not willing to comply with the terms of his

3

supervised release. The Defendant also stated that he has been diagnosed as bi-polar. The undersigned must also recommend a sentence that affords adequate deterrence to criminal conduct. Here, the parties are in agreement that six months imprisonment is an adequate sentence and the Court adopts their recommendation. The undersigned is also required to consider the need for the sentence to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment. Finally, the undersigned considers the applicable guideline range and that the sentence should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

## **RECOMMENDATION**

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant, John Willingham, be found to have committed the Violations as outlined above;

(2) That the Defendant, having waived his right of allocution before United States District Judge David L. Bunning and exercised that right before the undersigned, be sentenced without delay;

(3) That the Defendant, be sentenced to the custody of the Attorney General for a period of SIX MONTHS, with no supervised release to follow.

Specific objections to this Amended Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912

(6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 26, 2011.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge